NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-746

COMMONWEALTH

vs.

JOSHUA NEGRON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of assault and battery causing serious bodily injury (G. L. c. 265, § 13A [b] [i]), and assault and battery on a family member (G. L. c. 265, § 13M [a]); a judge then found him guilty of the subsequent offender portion of that indictment (G. L. c. 265, § 13M [b]).  On appeal from his convictions, the defendant contends that the Commonwealth's evidence was insufficient to prove serious bodily injury and that the judge erred by admitting body-worn camera footage.  We affirm.

Background.  The defendant and the victim were intimate partners.  On the night of the assault, they were home together at the victim's apartment.  A verbal argument became physical,

and the victim suffered facial injuries including a split and bleeding lip, a black eye, and fractured bones around her eyes. The victim took photographs of her injuries and posted them to Facebook. These images were admitted in evidence at trial. The injuries were also captured on the responding police officers' body-worn camera footage, a redacted copy of which was admitted in evidence over the defendant's objection.

Discussion. 1. Serious bodily injury. At the close of the Commonwealth's case the defendant moved for a required finding of not guilty, asserting that the Commonwealth failed to prove serious bodily injury. He renewed the motion at the close of all the evidence, and the judge again denied it. We review to determine "whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact that the essential elements of the crime have been proven beyond a reasonable doubt." Commonwealth v. Vazquez, 69 Mass. App. Ct. 622, 626 (2007).

Under G. L. c. 265, § 13A (c), there are three alternate ways to prove "serious bodily injury":  bodily injury resulting in (1) "a substantial risk of death," (2) "permanent disfigurement," or (3) "loss or impairment of a bodily function, limb or organ."  See Commonwealth v. Inoa, 97 Mass. App. Ct. 262, 263 (2020), quoting G. L. c. 265, § 15 (d), a statute

2

containing identical language.  The Commonwealth proceeded under the third theory.  Impairment of a bodily function is "when a part or system of the body (other than an organ or limb) is significantly impeded in its ability to fulfill its role." Commonwealth v. Scott, 464 Mass. 355, 359 (2013).

The victim suffered an "orbital blowout fracture," a memorable term describing the fracture of small bones in her eye socket.  As her treating ophthalmologist explained, this type of fracture involves multiple bones and "can lead to changes of the position of the eye and function of the muscles that could lead to things like double vision or asymmetry and how the eyes look."  Treatment may require later surgical intervention.

When asked by responding medical personnel to rate her pain on a one-to-ten scale, the victim rated it a ten.  When she left the hospital, her left eye was swollen, and she could not open it or see through it.  She was in pain on the left side of her face for approximately a week.  Her bruising lasted for approximately three weeks.  At the time of trial, she could still feel a "little void under [her] eye."

Viewed in the light most favorable to the Commonwealth, this evidence was sufficient to support the jury's verdict. "Loss or impairment of a bodily function need not be permanent to meet the definition of 'serious bodily injury.'"

3

Commonwealth v. Marinho, 464 Mass. 115, 118 (2013). See Commonwealth v. Baro, 73 Mass. App. Ct. 218, 219-220 (2008) (orbital blowout fracture and temporary loss of sight in one eye is serious bodily injury); Commonwealth v. Jean-Pierre, 65 Mass. App. Ct. 162, 167 (2005) (broken or fractured jaw is serious bodily injury). Because the evidence was sufficient to permit the jury to conclude that the victim's eyesight had been "significantly impeded in its ability to fulfill its role" because of broken orbital bones, Scott, 464 Mass. at 359, we discern no error in the judge's denial of the first motion for a required finding at the close of the Commonwealth's case.

"We also consider the state of the evidence at the close of all the evidence, to determine whether the Commonwealth's position as to proof deteriorated after it closed its case." Commonwealth v. Alden, 93 Mass. App. Ct. 438, 445 (2018), cert. denied, 587 U.S. 987 (2019). After the Commonwealth rested, the defendant presented one witness, the mother of one of the defendant's children. This witness offered an alternative explanation for the victim's facial injuries. Having considered the witness's testimony in full, we conclude that it was not "so overwhelming that no rational jury could conclude that the defendant was guilty." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017). There was no error.

4

2. Admission of body-worn camera footage. Over the defendant's objection, the judge admitted audio and video footage from a responding police officer's body-worn camera. We will not disturb a judge's determination that such evidence is relevant and admissible unless the "defendant is able to bear the heavy burden of demonstrating an abuse of that discretion" (citation omitted). Commonwealth v. Benson, 419 Mass. 114, 118 (1994).

The defendant maintains that the audio and video footage was more prejudicial than probative and cumulative of other admitted evidence. "The relevance threshold for the admission of evidence is low" (citation omitted), Commonwealth v. Gerhardt, 477 Mass. 775, 782 (2017), and this evidence met that threshold. To withhold such evidence, a judge must conclude that its probative value is "substantially outweighed" by the risk of "unfair prejudice." Commonwealth v. Martinez, 476 Mass. 186, 190 n.4 (2017), quoting Mass. G. Evid. § 403 (2016).

We agree with the defendant that the body-worn camera footage was "disturbing" and "emotionally charged," but it was also relevant. The footage showed the victim's physical and emotional condition in the immediate aftermath of the altercation. It put the jury in the shoes of the responding police officer, allowing the jurors to witness for themselves

5

not only the still images of the victim's face, but also how she moved, how she spoke, how she described getting her injuries, her condition at the time, and her initial interactions with emergency medical personnel.  This was highly probative evidence, especially in light of the defense theory that the victim was lying and that the real cause of her injuries was an accident.

Any prejudice resulted from the jury's ability to see and understand the victim's injuries and emotional state -- in other words, from the "properly probative effect" of the evidence -- and was "not unfair."  Commonwealth v. Gilman, 89 Mass. App. Ct. 752, 758 (2016).  "That the [footage] may be gruesome or have an inflammatory effect on the jury does not render [it] inadmissible so long as [it] possess[es] evidentiary value on a material matter."  Commonwealth v. Olsen, 452 Mass. 284, 294 (2008).  Given their substantial probative value, even autopsy photographs and photographs of murder scenes may properly be admitted.  See, e.g., Commonwealth v. Alleyne, 474 Mass. 771, 780-781 (2016) (no abuse of discretion in admitting autopsy photographs where each photograph "was probative of a point that the others were not"); Commonwealth v. Keohane, 444 Mass. 563, 573 (2005) (no abuse of discretion in judge's admission of seven photographs of victim's body).  Because the video and audio

6

footage added perspective, dimension, and information to the still images and was relevant to the victim's state of mind, it was not cumulative, and its admission was not error.

Judgments affirmed.

By the Court (Shin, Grant & Hershfang, JJ.[1]),

Clerk

Entered:  October 3, 2025.

---

[1] The panelists are listed in order of seniority.